# VANDALIA RAILROAD COMPANY *v.* PUBLIC SERVICE COMMISSION.

[No. 22,450. Filed October 15, 1914.]

1. COMMERCE.—*State and Federal Regulations.—Terminal Facilities.*—The Interstate Commerce Act by its express provision is limited in its application to interstate traffic, so that notwithstanding its provision that interstate carriers shall afford reasonable facilities for interchange of traffic between their respective lines, but that such a carrier shall not be required to give the use o. its tracks or terminal facilities to another carrier engaged in like business, §5206 Burns 1914, Acts 1907 p. 434, §4, relating to common carriers, is not open to the objection that it is void as to common carriers engaged in interstate commerce on the ground that its provisions are embraced in the interstate act, and an order thereunder by the Railroad Commission on an interstate carrier for the interchange of State traffic, on an express finding that its terminal facilities are sufficient therefor in addition to caring for its interstate business, is valid. p. 299.

2. CARRIERS.—*Constitutional Law.—Orders of Railroad Commission.—Due Process of Law.—Equal Protection of the Law.*—An order of the State Railroad Commission requiring a carrier to receive on its tracks and terminals cars transported over other railroads is not void as depriving such carrier of its property without due process of law, and as denying to it the equal protection of the law, in violation of §1 of the 14th amendment of the Federal Constitution. p. 300.

From Superior Court of Marion County (89,492); *Charles J. Orbison,* Judge.

Action by the Vandalia Railroad Company against the Railroad Commission of Indiana. From a judgment for defendant, the plaintiff appealed, and pending the appeal the Public Service Commission was substituted as appellee. *Affirmed.*

*Samuel O. Pickens, Owen Pickens* and *John G. Williams,* for appellant.

*Thomas M. Honan,* Attorney-General, and *J. E. McCullough,* for appellee.

Morris, J.—Suit by appellant against the Railroad Commission of Indiana, to enjoin the enforcement of a final order of the latter. While this appeal was pending the duties of the Railroad Commission were transferred to the Public Service Commission, by the act approved March 4, 1913, and this commission has been substituted as appellee. Acts 1913 p. 167, §10052a Burns 1914.

In September, 1912, the South Bend chamber of commerce filed with the Railroad Commission of Indiana its petition setting forth that appellant and other railway corporations operating railroads in South Bend, have public switches and public team tracks at divers places in said city; that said railways are physically connected; that each of them refuses to switch empty or loaded cars, etc., from its lines to those of the other respondents, etc., in violation of the provisions of the Railroad Commission Act, as amended in 1907. The petition prays for a hearing, and an order against the railway companies commanding that they desist from such violations of the act. Appellant answered the petition, and after a hearing, the commission found that the terminal facilities of each of the respondent railways are sufficient to take care of its own business and to provide for the interchange of business prayed for, and it was ordered that for a period of ten years after January 1, 1913, the several railways shall deliver to and receive from each others' railroads and tracks, in the city of South Bend, cars, loaded

or empty, tendered by any respondent line, or ordered in due course of business by any shipper, and place the same on their respective public team tracks or private switches or other tracks in the same manner as they would handle cars destined to or coming from points on their own lines. The order was limited to intrastate traffic, and it was further ordered that on or before January 1, 1913, the respondents should each file with the commission switching and transfer and interchange tariffs making proper charge for use of engines, cars and tracks. Appellant's petition for a rehearing was overruled and subsequently this action was commenced to enjoin the enforcement of the order, because of its alleged invalidity. The Railroad Commission answered by general denial, and after a hearing there was a finding and judgment for the defendant. Appellant filed a motion for a new trial, alleging that the decision was not sustained by sufficient evidence and was contrary to law. The only error assigned here is based on the overruling of this motion.

No question of fact is presented by this appeal. Appellant relies on the proposition that the decision was contrary to law. The order in controversy was entered under the provisions of §4 of an act of our General Assembly of 1907, relating to common carriers. Acts 1907 p. 434, §5206 Burns 1914. At the hearing it was stipulated that appellant is an interstate railway carrier operating lines of railway extending through Indiana and Illinois and that the public team tracks, private switches and other tracks to which the order applies were and are appellant's terminal facilities at South Bend. It is claimed that §4, *supra,* of the 1907 act is void as to carriers, engaged in interstate commerce, because the Interstate Commerce Act covers the same subject-matter embraced in the provisions of the section relating to the interchange of traffic and is consequently supreme. Section 3 of the Interstate Commerce Act (§8565 U. S. Comp. Stat. 1913), provides that carriers subject to its provisions shall afford reasonable facilities for the inter-

change of traffic between their respective lines, but it provides that no such carrier shall be required to give the use of its tracks or terminal facilities to another carrier engaged in like business. Section 1 of the same act (§8563 U. S. Comp. Stat. 1913), recites that the provisions of the act apply only to interstate traffic. On December 8, 1913, the Supreme Court of the United States delivered its opinion in the case of *Grand Trunk R. Co.* v. *Michigan R. Com.* (1913), 231 U. S. 457, 34 Sup. Ct. 152, 58 L. Ed. 310, which involved the same question here presented. In the opinion delivered by Mr. Justice McKenna, it was said: "We will not dwell on the contention of appellants that Congress has taken over the whole subject of terminals, team tracks, switching tracks, sidings, etc. We need make no other comment than that it cannot be asserted as a matter of law that Congress has done so; and where the accommodation between intrastate and interstate commerce shall be made we are not called upon to say on this record." The record here discloses that the Indiana commission expressly found that appellant's terminal facilities and team tracks are sufficient to take care of all traffic originating and terminating on its lines and also to accommodate the interchange of the State traffic ordered, and no complaint is made that the facts were incorrectly found. On the authority of the opinion in the case of *Grand Trunk R. Co.* v. *Michigan R. Com., supra,* we hold that appellant's contention relating to the supremacy of the Interstate Commerce Act can not prevail The statute in question does not seek to regulate interstate commerce, or impose any burden on it within the meaning of the commerce clause of the Federal Constitution, or any enactment of Congress thereunder.

It is contended by appellant that the order here, in requiring it to receive on its tracks and terminals at South Bend, cars transported over other railroads, is void

2. because it deprives appellant of its property without due process of law and denies it the equal protection

of the law, in violation of §1, 14th amendment of the Federal Constitution. *Louisville, etc., R. Co.* v. *Central Stock Yards Co.* (1909), 212 U. S. 132, 29 Sup. Ct. 246, 53 L. Ed. 441, and other authorities, are cited in support of such contention. The same question was presented in *Chicago, etc., R. Co.* v. *Railroad Com., etc.* (1911), 175 Ind. 630, 645, 95 N. E. 364, and determined against the contention of appellant in that case. Since then, in *Grand Trunk R. Co.* v. *Michigan R. Com., supra,* the Supreme Court of the United States has considered and determined the same legal proposition against the position assumed here by appellant's counsel.

In each of the above opinions there is a discussion of the case of *Louisville, etc., R. Co.* v. *Central Stock Yards Co., supra,* and of the substantial points on which appellant here relies, and as we are satisfied with the conclusion reached in each of those cases we consider any additional statement of reasons unnecessary and hold that the order is valid as against the constitutional objections urged. Judgment affirmed.

NOTE.—Reported in 106 N. E. 371. See, also, under (1) 7 Cyc. 446; (2) 8 Cyc. 1116, 1069. As to constitutionality of state regulation of interstate commerce, see 27 Am. St. 547.